```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


CURTIS HOWELL,                    )
                                  )
          Plaintiff,              )
                                  )           Civil Action
     v.                           )           No. 23-13141-PBS
                                  )
MASSACHUSETTS BAY TRANSPORTATION  )
AUTHORITY, et al.,                )
          Defendants.             )
```

                        **MEMORANDUM AND ORDER**

                           January 11, 2024

SARIS, D.J.

    Plaintiff Curtis Howell, who is self-represented, brings this action in which he alleges that on several occasions while sitting at a train stop in Somerville or Cambridge, he was sedated without his consent and then sexually assaulted. With the complaint, Howell filed a motion for leave to proceed <u>in forma pauperis</u> and he subsequently filed 3 additional motions.

    For the reasons set forth below, the Court allows plaintiff's motion for leave to proceed <u>in forma pauperis</u>, denies the remaining motions and dismisses this action pursuant to 28 U.S.C. §1915(e)(2)(B)(i).

**I.   Motion for Leave to Proceed *in Forma Pauperis***

    Upon review of Howell's financial disclosures in his motion for leave to proceed <u>in forma pauperis</u>, the Court concludes that he has adequately demonstrated that he is without income or

assets to pay the filing fee.  The Court GRANTS the motion for leave to proceed in forma pauperis.

## II.  Review of the Complaint

When a plaintiff such as Mr.  Howell proceeds without legal representation, the Court must construe the complaint liberally. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Rodi v. S. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004).  Even so, the Court must dismiss an in forma pauperis complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S .C. § 1915(e)(2)(B).

### A.  The Complaint

The complaint names as defendants the Massachusetts Bay Transportation Authority ("MBTA"), the Mayor of Boston and the Boston Police Department.  Compl. at 1.  According to Howell, he used the MBTA and waited at several train stations on several occasions beginning on September 16, 2023 and continuing through November 1 2023.  Id.  He states that he "was kidnapped, by illegal brain mapping and neuro-map devices, brain computer interface." Id.   He further states that he was then "sexually assaulted after this incident various times after going to the station."  Id.  According to Howell, he sent "many reports to the municpal (sic), state and federal police."  Id.

2

Howell seeks to have this Court "order that compensation be made in the amount of $30,000,000,000 billion dollars." Id.

**B. Discussion**

Here, even with a generous reading of the complaint, it does not meet the screening requirements of 28 U.S.C. §1915(e)(2)(B)(i). Howell's allegations that he was sedated through the use of brain-mapping devices and thereafter was sexually assaulted lack an arguable basis in fact and the complaint is subject to dismissal.

In light of the nature of plaintiff's claims, the Court finds that amendment would be futile. Garayalde-Rijos v. Municipality of Carolina, 747 F.3d 15, 23 (1st Cir. 2014) (explaining that sua sponte dismissal is appropriate only when it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile).

**III. Conclusion**

For the reasons set forth above, the Court hereby orders:

1.  The motion for leave to proceed in forma pauperis is GRANTED.

2.  This action is DISMISSED pursuant to 28 U.S.C. §1915(e)(2)(B)(i).

3.  In light of the dismissal of this action, the remaining motions, which seek summons and electronic notice, are DENIED.

4.  The Clerk shall enter a separate order of dismissal.

SO ORDERED.

/s/ Patti B. Saris
PATTI B. SARIS
UNITED STATES DISTRICT JUDGE